CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 10, 2018

LETTER TO COUNSEL

   RE:  *Hannah Marie Bock v. Commissioner, Social Security Administration*;
      Civil No. SAG-17-661

Dear Counsel:

  On March 9, 2017, Plaintiff Hannah Marie Bock petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 13, 14]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

  Ms. Bock protectively filed her claims for benefits on March 15, 2013, alleging a disability onset date of November 15, 2012. (Tr. 252-65). Her claims were denied initially and on reconsideration. (Tr. 141-45, 148-51). A hearing was held on October 27, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 28-88). Following the hearing, the ALJ determined that Ms. Bock was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 11-23). The Appeals Council denied Ms. Bock's request for further review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

  The ALJ found that Ms. Bock suffered from the severe impairments of "borderline intellectual functioning, Type 1 Myotonic Dystrophy, asthma, an affective disorder[,] and obesity." (Tr. 13). Despite these impairments, the ALJ determined that Ms. Bock retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she must be allowed to rest for 10 minutes every two hours. Further, she is never to be required to use ladders, ropes or scaffolds. Moreover, she can frequently, but not continuously, use stairs and ramps, crawl, crouch, bend and stoop. In addition, she is limited to an inside work environment and is not to be exposed to excessive cold, heat, humidity, poor ventilation or smoke. Further, she is not to be exposed to hazards such as heights or dangerous machinery. She is also limited to simple, routine, repetitive tasks. Further, she is to be required to have

> no more than occasional interaction with peers, the public and supervisors. In addition, she is limited [sic] no more than occasional feeling as well as fine and gross dexterity.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Bock could perform several jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 22-23).

Ms. Bock raises six primary arguments on appeal: (1) that the ALJ provided an inadequate analysis of Listing 11.13; (2) that the ALJ provided an inadequate analysis of mental health Listings 12.04 and 12.06; (3) that the ALJ's credibility assessment ran afoul of the Fourth Circuit's opinion in *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017); (4) that the ALJ's assignments of weight to the opinions of medical sources were erroneous; (5) that the ALJ failed to assign weight to the opinion of Ms. Bock's mother; and (6) that the ALJ improperly relied upon testimony from the VE. Pl. Mot. 7-27. Although some of Ms. Bock's arguments clearly lack merit, I agree that the ALJ's evaluation of Listing 11.13 was inadequate and therefore remand the case to the Commissioner. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Bock is not entitled to benefits is correct.

Beginning with the successful argument, Ms. Bock contends that the ALJ failed to properly evaluate Listing 11.13. Pl. Mot. 8-10. The entirety of the analysis reads:

> In addition, the claimant's Myotonic dystrophy does not meet any listing section under Appendix I. The undersigned has particularly considered section 11.13. The claimant's condition does not meet the criteria set forth by that section.

(Tr. 14). The ALJ, however, did not provide any further evidence to support his conclusions that Ms. Bock's impairments did not meet or medically equal the Listing. Although the Commissioner, in her brief, offers some medical evidence in support of the argument that Listing 11.13 was not met, it is not the province of this Court to cobble together a meaningful explanation for a determination that a Listing has not been not satisfied. *See Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). The limited discussion of Ms. Bock's myotonic dystrophy in the RFC analysis does not address all of the criteria of the Listing (e.g., whether Ms. Bock's impairment in the use of her upper extremities could be considered "marked or extreme"). *See* (Tr. 19). The fact that the ALJ limited the RFC assessment to include only occasional use of upper extremities highlights the need for a more precise analysis of the Listing criteria. The ALJ should, on remand, expand his analysis to cite specific medical evidence pertaining to the relevant criteria of Listing 11.13.

Because the case is being remanded for the reasons set forth above, the remainder of Ms. Bock's arguments need not be addressed in detail. On remand, however, the ALJ should consider the need to: (1) provide a complete credibility assessment incorporating both objective information and statements made by Ms. Bock that reflect on her credibility; (2) address in full

the opinions rendered by her treating physician, Dr. Anwar; (3) make a precise assignment of weight to the opinion of Ms. Bock's mother; and (4) determine whether the VE's testimony comports with the Dictionary of Occupational Titles (DOT).

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, [ECF No. 13], is DENIED, and Defendant's Motion for Summary Judgment, [ECF No. 14], is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge